JACKSON, *ex dem.* PARKER, *against* HOBBY.

THIS was an action of ejectment, tried at the *Madison* circuit, in *May*, 1821, before Mr. Justice *Van Ness.* Abi-

A commission issued to take the examination of foreign witnesses,

must be returned and delivered to a Judge of the Court, and *actually filed* in the clerk's office, before the depositions taken under it can be read in evidence.

Where a commission was delivered by the agent, to a Judge, at *nisi prius,* who took his *affidavit* as to the manner of his receiving it, after the cause was called, but before the trial was commenced: *Held,* that the depositions annexed to the commission, so opened by the Judge, were not legal evidence.

*It seems,* that where counsel object to evidence, or to the opinion of the Judge, at the trial, he ought to state the grounds of his objection, so as to call the attention of the Judge to the point of exception, and to afford the opposite party an opportunity of obviating it by additional proof.

*jah Parker*, deceased, of *Madison*, was admitted to be the common source of title to the parties. The lessor of the plaintiff claimed as son and *heir* of *A. Parker*, by an alleged marriage with *Molly Nutter*, in 1763. The defendant claimed, by purchase, under the children of *A. P.*, by *Phebe Harris*, by a marriage between them in 1789. The defendant was admitted to be in possession of the premises in question. The plaintiff then offered to read in evidence an original commission, which had been issued in the cause, for the examination of witnesses abroad, with the interroga-tories and answers thereunto annexed. The commission was directed, in the usual form, to *Samuel Dana*, *James Pres-cott*, and *Caleb Butler*, authorizing them, or any two of them, to take the examination of the witnesses named; the commission was duly executed by the commissioners, and delivered to *Wallis Little*, as agent, to return the same. *W. L.* delivered it to Mr. Justice *Van Ness*, on the day of the trial at *nisi prius*, who annexed an affidavit of the agent, taken before him, that he, the agent, received the commis-sion, with the papers annexed, from *Samuel Dana*, one of the commissioners, and that it had not been opened or al-tered since he so received it, &c. This affidavit was taken after the cause was called, but before the trial had com-menced. The defendant's counsel objected to the reading of any of the depositions taken under the commission in evidence, on the ground, that the commission had not been returned into this Court, from whence it issued, nor into any of the offices of the clerks of the Court, according to the statute. That it did not appear how, or in what manner, the commission, &c. came from the hands of the commis-sioners; that the affidavit annexed of *W. L.*, was not com-petent evidence of the regularity of the return, and that none of the requisites of the statute, as to the return of com-missions, in such cases, had been complied with. The Judge overruled the objections, and permitted the deposi-tions to be read, and the counsel for the defendant excepted to his opinion. The defendant's counsel objected, in gene-ral terms, to several of the answers and parts of answers of the witnesses being read in evidence, but without stating any ground or reason for the objections; and all the objec-

tions so made to the evidence, in the course of the trial, were overruled by the Judge; and the defendant's counsel excepted to his opinion. The bill of exceptions, after stating the particular parts of the evidence so objected to, and that the Judge overruled the objections and admitted the evidence, proceeded thus : " Whereupon the counsel for the defendant did, on behalf of the defendant, except severally to the aforesaid opinions of the said Justice, and insisted that the answers of the said *William Parker*, to the fourth and seventh interrogatories aforesaid, and of the said *Hepsebah Jaquith*, to the fourth and eighteenth interrogatories aforesaid, and of the said *Timothy Wood*, to the fourth and eighteenth interrogatories aforesaid, and also the paper aforesaid, were, and each of them were, not competent to be given in evidence aforesaid ; and inasmuch as the said several matters," &c.

*Storrs*, for the defendant, insisted on the several exceptions taken at the trial :

1. That the commission with the depositions under it, ought not to have been received ; as it had not been delivered to a Judge of the Court, nor was endorsed as received by him, nor filed in the office of a clerk of the Court, according to the statute. (1 *N. R. L.* 519, 520. sess. 36. ch. 56. sec. 11.) The evidence taken under a commission is not admissible at common law, but under the statute ; and unless it has been taken and returned in the manner prescribed by the statute, it cannot be competent, or read on the trial. So, depositions taken under the " act to perpetuate the testimony of witnesses," (1 *N. R. L.* 455. sess. 36. ch. 61.) cannot be received as evidence, unless the directions of the statute are strictly observed. In *Massachusetts*, there is a similar statute ; and in *Bradstreet* v. *Baldwin*, (11 *Mass. Rep.* 229.) the Supreme Court of that state decided, that a deposition not recorded within the time prescribed by the act, could not be read in evidence. (5 *Mass. Rep.* 219. 222.) The words of the statute must be construed in the common law sense. (6 *Mod. Rep.* 143.) Now, the *return* of a writ, &c., is the depositing of it in the Court, or with the proper officer of the Court, from which it issued. A deli-

JACKSON
v.
HOBBY.

very of it to a Judge of the Court, is not sufficient. (4 *Bin-ney's Rep.* 113.)

The counsel then proceeded to discuss the several exceptions taken at the trial, as to the admissibility of different parts of the depositions annexed to the commission; but as the Court gave no opinion as to any of the exceptions, except the first, it is unnecessary to state the arguments of the counsel.

*Cady,* contra, said, that by the *return* of the commission, the statute meant the delivery of it to a Judge of the Court, who is to open it, and endorse the manner of its being received by him, and file the same in the clerk's office; and " every such deposition, being so taken and returned, shall be allowed and read, and shall be deemed as good and competent evidence." This is not like the cases cited from *Massachusetts,* where the affidavits taken are required by statute to be *recorded,* and the *copies* of them are made evidence. The return and delivery of the commission to a Judge of 'the Court is sufficient, as regards the party, to entitle him to the benefit of the depositions. It is the duty of the Judge, afterwards, to deposit the papers in the clerk's office. — The other exceptions taken to particular parts of the depositions were too general to be allowed. The counsel should have stated the precise grounds of his exception. (5 *Johns. Rep.* 467. 18 *Johns. Rep.* 544. 8 *East,* 280. 5' *Bos. & Pull.* 36.) How is this Court to understand the objections made at the trial, unless the grounds of them are mentioned ?

*Storrs,* in reply, said, that the Court do not approve of stuffing a bill of exceptions with the reasons of counsel. It is enough for him to lay his finger on the point excepted to, without stating his reasons. One of the points objected to was, that the declarations of *Molly Nutting* were not evidence. If the party does state the grounds of his exception, he cannot urge any other in his argument before the Court. The Court cannot infer or presume any fact not stated in the bill of exceptions. It is very different from a *case* made. (1 *Bac. Abr.* tit. *Bill of Exceptions,* p. 527, 528.)

ALBANY,
January, 1823.

JACKSON
v.
HOBBY.

PLATT, J. delivered the opinion of the Court. The statute directs that the " examinations, and all exhibits produced to such commissioners, and proved by any witness, shall be annexed to the said commission, and *returned to the Court out of which such commission issued*, closed up and under the seals of two or more of the commissioners," and that one of the commissioners or an agent shall deliver the same to one of the Judges of the Court from whence the commission issued, and shall make affidavit before such Judge, that he received the same from the hand of one of the commissioners, &c. " and such Judge shall then open the same and endorse upon the commission, as the case may be, either received by the hands of one of the commissioners, or upon the oath of the person who delivers the same, as appears by his affidavit, and subscribe his name to the same endorsement; and shall then deposit the said commission and return, with the said affidavit, in the office of the clerk of the said Court, there to remain as a record : *and every such deposition, being so taken and returned*, shall be allowed and read, and shall be deemed as good and competent evidence as if such witness had been sworn and examined *viva voce* in open Court, on the trial of such cause : and all parties shall be entitled to take copies of such depositions, as soon as the same shall be deposited in the clerk's office as aforesaid." (1 *N. R. L.* 520.)

I incline to the opinion, that, if insisted on, the commission must be actually *filed* in the clerk's office, before the depositions taken under it can be legal evidence. When a statute makes innovations on the common law rules of evidence, its positive requirements must be strictly complied with. In this case, the Legislature have wisely provided against frauds and abuses, by prescribing the manner of taking such testimony, and the channel through which it shall be returned. The commissioner, or a special agent, is to deliver the sealed enclosure to the Judge ; who is to take proof, that it has been sent in the regular channel ; and, that it has not been opened nor altered : the Judge is then to open the enclosure, for the *specified purpose* of endorsing on the commission a certificate, that such proof was made before him ; so as to authorize the filing of the commission

and depositions; and the Judge is then required to deposit them in the clerk's office. And, after these positive injunctions, the statute declares, that " every such deposition, *being so taken and returned*, shall be allowed and read as evidence," &c. " *Being so returned*," means not only that it shall be so delivered to the Judge, but that it shall be so authenticated by his endorsement, and actually deposited by him in the clerk's office. The Judge is made one of the agents for completing the return; and, in legal signification, as well as in common parlance, a writ or a commission from a Court of record, is not *returned*, until it is deposited in the office of the clerk of the Court in which it is returnable. And there is good reason for requiring the depositions to be actually filed, before they are used as evidence. They are often prolix and voluminous; so that without time to take a copy, and to examine it deliberately, it is impossible to apprehend the testimony correctly, or to take the proper exceptions. Besides, the party suing out the commission, generally knows, pretty accurately, what his witnesses have sworn, before the commission is opened; and, if he or his agent, who brings back the commission, may withhold it, till after the trial has commenced, it would give to such party an unfair advantage, and enable him to surprise his adversary. It is the right of either party to move the Court to suppress the depositions, for fraud, partiality, or irregularity; and this cannot be done at *nisi prius*, nor until the depositions are filed.

In this case, the commission, with the depositions sealed up, was delivered to the Judge at the trial, and had not been endorsed by him, nor deposited in the clerk's office, and that specific objection was made by the counsel for the defendant, and overruled. This appears to me to be sufficient ground for awarding a new trial; and I, therefore, deem it unnecessary to consider the other exceptions to particular depositions, included in the mass of testimony. I take occasion, however, to remark, that it is very questionable, whether any of the exceptions but the first, were so specific and distinct, as to entitle the party to any benefit of his exception. Good faith and the convenient administration of justice require, that the counsel who objects to evidence, or excepts

to the opinion of the Judge, at the trial, should state the particular grounds of his objection; for the double purpose of calling the attention of the Judge to the point of the exception, and to afford the opposite party an opportunity of obviating the objection by additional proof, which, perhaps, had been inadvertently omitted. In this case, the counsel first objected to the whole depositions, because they had not been filed. He afterwards objected to the reading of the depositions of particular witnesses, but said no more. Now, without explanation, the opposite counsel was not bound to answer such vague objections; nor was it the duty of the Judge to notice them. It may be, that on a future trial, those exceptions, if explained, may be obviated by supplementary proof, if necessary. There must be a *venire de novo* awarded; the costs to abide the event of the suit.

*Venire de novo* awarded.