1841.

Brown
v.
Southworth.

</div>

---

## Brown and others *vs.* Southworth and others.

The courts of common law have no authority to take testimony, upon a commission issued for that purpose, except such authority as is conferred upon those courts by statute; and in taking such testimony the regulations prescribed by the legislature must be strictly complied with.

But the court of chancery, independent of any statutory authority, has always possessed the power to issue a commission for the examination of witnesses, either in or out of the state, and to direct the manner in which the commission shall be returned.

And the manner of executing and returning commissions to take testimony in the court of chancery, is regulated by the rules and practice of the court, and not by any statutory provision, except as to the right of parties and their counsel to be present and to examine and cross examine the witnesses orally.

By the settled practice of the court of chancery a commission for the examination of witnesses, in suits pending in that court, may be returned by the commissioners by mail, directed to the proper officer of the court with whom the depositions are to be filed, unless the court has made a special order for the return of the commission in a different manner.

The commissioners, after taking the testimony of witnessess under a commission, should enclose the commission and the depositions under their seals, and should severally write their names upon the outside of the envelope. But a mere irregularity of the commissioners, in suffering one of their number to write the names of all the commissioners upon the envelope, through mistake or inadvertence, where there is no doubt as to the genuineness of the depositions and that they have not been altered since they

1841.

Brown
v.
Southworth.

were taken and certified by the commissioners, will not prevent the court from receiving the testimony.

Where by mistake the witness intended to be examined under a commission was not rightly named therein, but the commissioners notwithstanding such mistake, examined the witness upon the interrogatories annexed to the commission ; *Held*, that the deposition was extrajudicial and could not be received as evidence in the suit.

The article of the revised statutes relative to taking the testimony of witnesses out of the state, only applies to the taking of such testimony in actions brought in courts of common law.

October 19. THIS was an application on the part of the complainants for leave to read, upon the trial of an issue directed in this cause, certain depositions taken in the state of Indiana, under a commission issued out of this court. The commission was granted by a special order of the court; but through inadvertence the order contained no direction authorizing the commission to be returned by mail. In the petition upon which the order was obtained the name of one of the witnesses was stated to be either James or Imes one Hurd. But in the order, and in the commission he was called James Hurd only ; whereas the true name of the witness who was intended to be examined, and who was in fact examined under the commission, was Imus Hurd. The commission was in all other respects duly executed, and the depositions properly certified by all the commissioners. But the certificate upon the outside of the commission, of the sealing up thereof, &c., was only signed by one of the commissioners, in person ; the names of the others being in his hand writing. And the commission was sent by mail, directed to the assistant register, and was received and opened by him, and the depositions thus received were filed in his office. When the issue was called up for trial the depositions were objected to by the counsel for the defendant Southworth. And the circuit judge considering the objection valid that the commission and depositions had been returned by mail without authority, he permitted a juror to be withdrawn, for the purpose of enabling the complainants to make this application.

*S. A. Foot*, for the complainants.

*Azor Taber*, for the defendants.

1841.

Brown
v.
Southworth.

THE CHANCELLOR. In *Richardson* v. *Gere*, (21 *Wend. Rep.* 156,) the supreme court decided that depositions taken under a commission were not admissible in evidence, where the return had been transmitted to the clerk through the post office ; unless a previous order had been made by the officer who settled the interrogatories, directing the commission to be returned in that manner. But the counsel for the complainants is right in supposing that the decision in that case is inapplicable to the case of a commission issuing out of this court. Courts of common law have no authority to take testimony under a commission, except what is derived from the statute. In taking such testimony, therefore, the regulations prescribed by the legislature must be complied with. And one of the regulations prescribed by the statute, for the taking of testimony under a commission in a court of law, is that the officer who settles the interrogatories shall direct the manner in which the commission shall be returned. (2 *R. S.* 394, § 15.) The article of the revised statutes relative to taking the testimony of witnesses out of the state, is only applicable to actions brought in courts of law ; although many of its provisions were adopted from the practice of the court of chancery in relation to commissions.

This court, however, independent of any statutory regulation, always possessed the power to issue a commission for the examination of any witness, either in or out of the state, and to direct the manner in which the same should be returned. The 78th section of the title of the revised statutes relative to the court of chancery, authorizing the chancellor, or the vice chancellor before whom the suit is pending, to direct the issuing of a commission to take testimony, is only in affirmance of the power which this court before possessed and exercised. And the manner of executing the commission, and returning the same,

depend upon the rules and practice of the court, and not upon any statutory provisions, except so far as is specified in the 83d section of that title of the revised statutes. (2 R. S. 181.)

The ordinary mode of returning a commission for the examination of witnesses in chancery, according to the English practice, was for one of the commissioners to deliver it in person to the officer of the court with whom it was to be filed ; or for one of the commissioners to deliver it to an agent, or some third person, to be delivered to such officer. And in the latter case the bearer of the commission was to deliver it personally, and to make oath that he received it from one of the commissioners, and that it had not been opened or altered since he so received it. (1 Newl. Ch. Pr. 425. 2 Dan. Ch. Pr. 516.)

But at a very early day the court authorized a commission which was to be executed abroad to be returned by mail. (Newland v. Horseman, 2 Ch. Ca. 76.) And in this court it has for many years been the practice to make it a part of the order, that the commission might be returned by mail, directed to the register, or clerk, whenever such a direction was asked for by the counsel, upon a special application to the court for a commission. I believe the practice of returning the commission by mail, without a previous order of the court, has also been very common, for the last ten years, in cases where the commission was issued upon a petition presented to the register or clerk, pursuant to the directions of the 69th rule. And I can see no reasonable objection to the sanctioning and adopting that practice in all cases ; as the return of a commission by mail is equally safe as a return of it by a special messenger. The sanctioning of this practice will also save the delay and expense of special applications to the court, for directions on the subject, in that numerous class of cases where the commission is issued upon a petition to the register, or clerk, without a previous order of the court. It may, therefore, be considered as the settled practice of this court, that a commission for the examination of witnesses,

1841.

Brown
v.
Southworth.

in suits pending here, may be returned by the commissioners by mail, directed to the proper officer of the court with whom the depositions are to be filed, unless there is a special order of the court to the contrary.

There was an irregularity, in sealing up the commission in this case, in not having the name of each commissioner, upon the outside of the package, subscribed in his own proper hand writing. By the practice of the court the acting commissioners, after they have enclosed the commission and depositions, under their seals, should severally write their names upon the outside of the envelope. (*Hind's Ch. Pr.* 351. *Gray's Sol. Pr.* 14, 27.) When the commissioners were sworn to secrecy, and it was considered important to prevent the depositions of witnesses from being seen by the parties, or their solicitors or agents, until all the testimony in the cause had been closed and an order for the publication of the depositions had been obtained, great strictness was required in sealing up and returning the commission and testimony, to prevent the possibility of the parties obtaining a knowledge of the contents of the depositions. But as the practice of taking the testimony in secret has been abolished in this state, it is only necessary now that the court should be satisfied the depositions are genuine, and that they have not been altered since they were sworn to by the witnesses. And even when the testimony was taken in secret, a neglect to comply with all the usual forms did not prevent the testimony from being read, where the court was satisfied that the depositions had neither been seen nor altered after they were taken before the commissioners. Thus in the case of *Smales* v. *Chayter*, (1 *Dick. Rep.* 99,) where the person entrusted with the commission lost it on the road, and it was picked up by travellers and brought to the office of one of the masters, upon their affidavit that they had not opened or altered the same, the depositions were ordered to be received in the same manner as if they had been regularly returned. So in *Bourdien* v. *Trial*, (2 *Fowl. Exc. Pr.* 80,) where the messengers who brought the commis-

sion from abroad, being detained in quarantine upon the coast, sent the commission up to the solicitor by the coach, the court, upon a subsequent affidavit of the messenger as to the identity of the package and of the seals, which were unbroken, ordered the depositions to be received. In the present case there is no doubt as to the genuineness of the depositions, and that they have not been altered since they were taken and certified by the commissioners. The complainants must, therefore, be permitted to read all the depositions except that of Imus Hurd, although only one of the commissioners subscribed his name upon the outside of the package.

The objection to the deposition of Hurd is that, owing to the mistake in his christian name, he was not one of the witnesses that the commissioners were authorized to examine. He would not, therefore, by the laws of any country, be guilty of perjury if his deposition was false. Many of the states have passed laws requiring witnesses to attend and be examined upon commissions issued out of the courts of other states; and some of them have, in terms, made false swearing in such cases punishable as perjury. (*See Rev. Stat. of Mass.* 571, 576, § 13, 53.) I do not know whether there is any thing in the statutes of Indiana upon this subject. But as a general principle, the depositions of witnesses under a commission should be taken in such a manner as to subject the witness to punishment for perjury, if his deposition is false, should the state or country where the commission is executed have any law for the punishment of perjury in depositions thus taken. The testimony of this witness cannot, therefore, be read, without the consent of the defendant. But if such consent is not given, the complainant may have a new commission, for his examination, directed to the same commissioners, or any of them; and an order to stay the trial of the issue until such commission can be executed and returned.

<div align="right">Order accordingly.</div>