The Butcher's Melting Association *v.* The Commercial Bank of Cincinnati.

(No. 4,835.)

1. A general exception to the charge of the court will not be entertained on error.

2. Exceptions to evidence must be such as to advise the court and the adversary party of the particular ground of objection.

General Term.—Proceeding in error to reverse a judgment of the special term of June, A. D. 1856, rendered against plaintiff in error. The facts are sufficiently stated in the decision.

*Bates & Scarborough,* for plaintiff in error.

*King, Anderson & Sage,* for defendants in error.

Gholson, J., delivered the opinion of the court.

A petition in error has been filed in this case, and the

error relied on is founded upon a charge given by the court to the jury.

The evidence in the case is set out, and a part of the charge, consisting of two propositions. The exception taken is general, but we are told that the latter of the two propositions is the one claimed to be erroneous. The first proposition stated that the chief question for the jury was, whether checks were drawn by the authority of the defendant, or whether they were the private checks of Richard Beresford, who was the treasurer of the corporation. The second proposition was as to the effect of the alleged fact that Beresford was a creditor of the defendant. To this fact it is claimed that due weight was not given by the charge of the court, and that it was virtually excluded from the consideration of the jury in determining the first proposition.

Now we can not see what effect the indebtedness of Beresford to the defendant could have on his authority to draw checks on behalf of the defendant, unless the fact of such indebtedness was known to the plaintiff; nor, indeed, does it clearly appear that it could have effect then, unless some fraudulent complicity was claimed, which we do not understand to be pretended. But in the manner in which the question as to the correctness of the charge is presented on the record, it is not, we think, necessary or proper that we should enter into such an inquiry. A general expression occurs in the charge of a judge as to the effect of a particular part of the testimony, which, it is claimed, may mislead the jury. We think the party making such a claim, can not upon a petition in error, rely on a general exception to the charge, but should point out, at the time he makes the exception, the effect which he claims the particular point of the testimony should have, so as to call to it the attention of the judge. Upon a motion for a new trial it might be different. There the question would be whether substantial justice had been done, and if the action of the judge affected the case in that respect, it would be his duty to interfere.

But the rule is otherwise when the exception is presented as a question of strict right independent of the general merits. Then the principles which have been established as to what is proper to be regarded upon a writ of error, apply.

It has been said on this subject, that " good faith and the convenient administration of justice require, that the counsel who objects to evidence, or excepts to the opinion of the judge, at the trial, should state the particular ground of his objection, for the double purpose of calling the attention of the judge to the point of the exception, and to afford the opposite party an opportunity of obviating the objection by additional proof, which, perhaps, had been inadvertently omitted." 20 Johns. 357-362. " If he objects to the learned judge's direction to the jury, he must state not merely that he does object; he must show that the direction is contrary to law, he must show distinctly and specifically the ground of his objection." 3 Ho. Lords Cas. 1, 16. There are cases in which the rule is not laid down so distinctly. 1 Howard, 290, 299. But we think it clear that a general objection to the charge of a judge which consists of several propositions, when the particular point objected to is not pointed out, nor the ground of objection stated, can not avail upon a petition in error. This is particularly true where the charge announces no proposition of law, which can be separately discussed; but is a remark on the effect of particular evidence on the issue between parties. If a party claims that such testimony should have a different or greater effect than that given by the judge, he should call it to the attention of the judge. Any other course would be unfair to the judge and operate as an injustice to the other party, if it were sanctioned.

The judgment in this case must be affirmed.

Judgment affirmed.