## STRAYER v. WILSON ET AL.

1. **Evidence:** DEPOSITION: ERROR IN NAME OF WITNESS. Under a commission to take depositions, only those of persons named in the commission and the notice served on the adverse party can be taken. While the omission of a second initial letter, or a variation which does not change the sound of the name, is immaterial, the deposition of a person whose name is clearly different from the one given in the commission, although the one intended thereby, is invalid, and, on motion, will be suppressed.

*Appeal from Jefferson Circuit Court.*

TUESDAY, OCTOBER 19.

ACTION AT LAW. Trial by jury; judgment for the defendant, and the plaintiff appeals.

*D. P. Stubbs* and *Jones & Culbertson*, for appellants.

*McCoid & West*, for appellee.

SEEVERS, J.—At the instance of the plaintiff a commission was issued to take the depositions of certain persons residing in the State of Indiana. They were named in the commission as follows: James Willis, Henry Dunsmore, Ellin Duffield, Henry Gibson, Joseph Clark, Alexander Robsen, and Mahalde El-

liott. Under such commission the depositions of the follow-named persons were taken: William P. Smith, James Millis, Ellen Duffield, Harvey Gipson, Henry C. Dunsmore, Mahal Elliott, Alexander M. Robrtson, and Joseph C. Clark.

The defendants moved the court to suppress the depositions of the last named persons on the ground the officer had no power or authority to take the same, and no notice the same would be taken had been served on the defendants. The motion was overruled.

The statute provides that before a commission can issue to take the deposition of a witness reasonable notice must be given the adverse party when the commission will be sued out to take the deposition of the witness, "naming him." Code, § 3727; and in § 3730 what is reasonable notice is defined. Thereupon the commission issues, which is accompanied with the interrogatories and cross-interrogatories to be propounded to the witnesses named in the notice, and whose names should be set out in the commission, or in some other manner sufficiently identified. The commission is based upon the notice, and the depositions of no other person than those named therein can be taken or read on the trial if properly objected to. *Pilmer v. Branch of the State Bank*, 16 Iowa, 321.

The defendants did not file cross-interrogatories. It is not every variance in the names of the witnesses that will render the deposition invalid. But the party has the right to rely on the notice, and to presume the deposition of no person not named therein will be taken. He, therefore, can intelligently determine whether he desires to file cross-interrogatories.

We understand the rule to be that the law recognizes but one Christian name, and, therefore, the motion was properly overruled as to William P. Smith, Henry C. Dunsmore, and Joseph C. Clark, and also as to Ellin Duffield, for there is no difference between such name and Ellen Duffield; the sound is the same; but this is not true as to James Millis and James

Willis, or Henry Gibson and Harvey Gipson, or Mahalde Elliott and Mahal Elliott, or Alexander Robsen and Alexander M. Robrtson. As to these persons the motion should have been sustained.

The evidence of these witnesses was material, and we cannot say it was not prejudicial. The other material errors assigned relate to the sufficiency of the evidence to sustain the verdict. It is unnecessary, and, as there must be another trial, improper, to refer thereto.

REVERSED.