THOMAS O. DENNY, Appellant, *against* JOSEPH H. HORTON, Respondent.

(Decided March 15th, 1883.)

A District Court in the City of New York has power to suppress a deposition taken under a commission for the examination of a witness not within the county, where the commission has been irregularly issued or executed.

In the affidavit upon an application by a defendant for such a commission, the name of the witness was stated as George C. Fox, but the commis-

---

* The order entered upon this decision was affirmed by the Court of Appeals June 19th, 1883 (See 93 N. Y. 59).

Denny *v.* Horton.

sion was issued to take the examination of Frank C. Fox, and was so executed. *Held,* that an objection on this ground, taken at the trial by plaintiff after he had rested his case, when the deposition was offered in evidence by defendant, was too late, plaintiff having previously had opportunity to discover and object to the irregularity.

APPEAL from a judgment of the District Court in the City of New York for the Sixth Judicial District.

The facts are stated in the opinion.

*William H. Gibson,* for appellant.

*Malcolm R. Lawrence,* for respondent.

CHARLES P. DALY, Chief Justice.—The provisions of the Code which confer upon the district courts the authority to issue commissions for the examination of witnesses not within the county contemplate that in those courts (§§ 910, 911 and 2986) the commission may be suppressed where it appears by affidavit that it has been improperly or irregularly taken, or for the other causes specified in section 910, and confer upon the court authority to make an order for its suppression on the application of the party aggrieved, upon notice to the adverse party. The 910th and 911th sections of the Code provide for the suppression of commissions in the cases therein stated, and the 2986th section declares that the deposition shall have the effect specified in section 911. These sections, taken together, indicate, I think, that the remedy for the suppression of a commission provided for in the 910th and 911th sections is equally available when one is issued in the justice's court; but even if this is not clear, it is sufficient to say that when a statutory provision gives a court authority to issue a commission, it impliedly gives what is necessarily incident thereto, to carry out the purposes of the statute ; and what is necessarily incident, such as suppressing a commission where it is irregularly issued or executed, is to be judged by preceding or collateral statutory provisions on the sub-

ject of the examination of witnesses by commission, or the practice established in relation thereto when the statute was enacted.

The commission was issued for the examination of Frank C. Fox, and the person so named was the witness whose deposition was taken. The fact that in the affidavit upon which the commission was granted he was named George C. Fox showed simply that there was an irregularity between the application as made and the commission as issued and executed. It does not appear by the return whether or not any order was made by the justice for the granting of the commission. The commission upon its face was tested in the name of WILLIAM H. KELLY, Justice of the District Court for the Sixth Judicial District, and it was signed by JAMES R. ANGEL, Justice of the Tenth Judicial District, acting in the absence of Justice KELLY. It bears date the 23d of March. Issue was joined on the 2d of March, so that the commission could not have been granted under the statute without six days' written notice of the application having been served upon the plaintiff. He was therefore advised that an application would be made for it, and that after it was executed it would, in conformity with the statute, be transmitted to the justice and remain on file with him until the trial (§ 2985). He had the opportunity, therefore, before the time of trial, of examining it and of moving to suppress it for any irregularity that called for such a remedy. In addition to this, the interrogatories have, by the statute, to be settled by the justice, of which, we may assume, the plaintiff had notice, and knew, or could have known, if he attended upon the settlement, that they were for the examination, not of George C. Fox, as in the affidavit, but of Frank C. Fox; and it was incumbent upon him then to raise the objection, as the defendant could then, before the commission was issued, have removed the objection by making his application upon the proper affidavit. If the plaintiff was not present at the granting of the application and settlement of the interrogatories, and therefore ignorant of the irregularity, he could, after the return and filing of

the commission with the justice, have applied with reasonable diligence to suppress the deposition, and it was too late to do so at the adjourned day when the cause was called on for trial (*Jackson* v. *Hobby*, 20 Johns. 362).

He did not even do this, but went to trial, and having examined his own witnesses and rested, he raised the objection, for the first time, when the defendant, to establish his defense, undertook to read the deposition. If the commission upon its face had been, together with the interrogatories, for the examination of George C. Fox, and Frank C. Fox's deposition had been taken under it, the deposition could not have been read, as the person examined would have been of a different name from the one named in the commission. Such a deposition would be extra judicial, the commissioner having no authority to examine a person of a different name from that in the commission (*Brown* v. *Southworth*, 9 Paige 351). But the defect was not of this grave character. It was a mere irregularity between the name in the affidavit presented to the justice and the name in the commission as issued by him. The witness examined was the one provided for in the commission—the one whose deposition the commissioner was authorized to take—whatever irregularity may have existed in the proceedings on or between the application for and the issuing of the commission. All that the defendant had to do was to present the commission as executed and filed, and it appearing upon the face of it that the witness examined under it was the one named in it, the defendant was entitled to read his deposition, as properly taken under it. The irregularity was not before the court on the trial; nor was the justice who granted the commission. The objection, therefore, to this defect or irregularity in the issuing of the commission, was in no way before the court upon the trial, and the justice having only before him a commission granted by a justice who, at the time, was presiding in his place, and which was duly executed, as provided for in the commission, was right in allowing it to be read, and it would have been error for him to have excluded it.

It did not appear, nor did the plaintiff offer to show, that the defendant knew before the trial that the witness examined under the commission was in this city, so as to make it obligatory upon the defendant to have subpœnaed him to appear upon the trial, and the defendant's attention not being called to the fact until the plaintiff was through with his case and the defendant's own examination as a witness for the defense had been completed, the defendant was not then required to consent that the trial might be suspended and the cause adjourned to a future day, that the witness might be subpœnaed to attend, because the plaintiff was willing or offered to consent that that might be done. The justice was of opinion that, having entered upon the trial, he had no authority then to suspend it and resume the trial on a day when the witness' attendance could be compelled by subpœna, and it was not error that, what the justice had not authority to do, the defendant refused to consent to.

The assignment of Frank C. Fox to the defendant of his claim against George C. Miller, the plaintiff's assignor, for a breach of contract of hiring, was a good counter-claim under the Code. The plaintiff's action was founded upon contract, and the counter-claim was for a cause of action also arising upon contract; the breach of an agreement on the part of the plaintiff to employ the assignor Fox for a year.

In the case relied upon (*Pease* v. *Sterns*, 1 Hill 86), the action was brought to recover for goods bought at a stipulated price; and what the defendant sought to counter-claim was damages for the conversion of a chattel, which was a very different case from the present one, where both the cause of action and the counter-claim arose out of contracts.

The judgment should be affirmed.

VAN BRUNT, J.—I concur in the result of the foregoing opinion. The plaintiff should have moved at least at the opening of the trial to have suppressed the commission, and

not have waited until the trial had so far progressed that the defendant could not remedy the defect.

BEACH, J., concurred.

Judgment affirmed, with costs.