[No. 13935. In Bank. — March 19, 1891.]

## MARY B. SMITH ET AL., APPELLANTS, *v.* JAMES C. WESTERFIELD ET AL., RESPONDENTS.

ESTATES OF DECEASED PERSONS — STATUTORY PROCEEDINGS — LIMITED JURISDICTION OF SUPERIOR COURT. — Proceedings for the administration and distribution of the estates of deceased persons are purely statutory, and though the superior court is a court of general jurisdiction, yet while sitting as a court of probate its jurisdiction is limited and special, and all acts in excess of the statutory power conferred are nugatory, and do not bind those who have invoked its authority or submitted to its decision.

ID. — DETERMINATION OF HEIRSHIP — "SPECIAL PROCEEDING." — The determination of the heirship of claimants to an estate, under section 1664 of the Code of Civil Procedure, is a "special proceeding," within the meaning of that term as defined in the Code of Civil Procedure, and the court, in the exercise of its jurisdiction, is limited to the terms and conditions of the statute under which the proceedings are authorized.

ID. — TIME FOR PROCEEDING — JURISDICTION. — The court has no jurisdiction to determine the heirship of a deceased person, under section 1664 of the Code of Civil Procedure, until after the expiration of one year from the issuing of letters of administration upon the estate, and has no power to determine it under other provisions of the code until upon or after the settlement of the final accounts of the administrator.

ID. — APPEAL — JURISDICTION — DISMISSAL. — The supreme court has appellate jurisdiction to revise, modify, or reverse judgments of the superior court rendered without jurisdiction; and an appeal from a judgment, in a special proceeding to determine heirship, will not be dismissed upon the ground that the superior court had no jurisdiction to entertain the proceeding, after that court has rendered an affirmative judgment therein.

ID. — TIME FOR APPEAL — DISMISSAL. — An appeal from a judgment rendered under section 1664 of the Code of Civil Procedure must be taken within sixty days from the date of the entry of the judgment, else it must be dismissed for want of jurisdiction of the appeal.

DEPOSITION — COMMISSION TO TAKE TESTIMONY — MISNOMER OF WITNESS. — A commissioner to take testimony has no authority to take the testimony of any person other than those named in the commission, and a misnomer of the Christian name of a witness will render the deposition as to him *ex parte*, and inadmissible in evidence.

ID. — IDENTITY — DIFFERENCE OF NAMES — PRESUMPTION — EVIDENCE. — Different names presumptively indicate different persons; and it cannot be shown, to justify the admission of a deposition taken under commission, that a name inserted therein was intended to designate a witness bearing a different name, if it does not appear that the identity was known by or communicated to the opposite party when the commission was issued.

ID. — NAME IN COMMISSION — PREPARATION OF CROSS-INTERROGATORIES. — The real name of the person intended to be examined under the commis-

sion must be given to the opposite party and inserted in the commission, in order that the opposite party may intelligently prepare cross-interrogatories.

INCOMPETENT EVIDENCE — APPEAL — PRESUMPTION.— The introduction of incompetent evidence bearing upon a main point in controversy is presumed upon appeal to have caused an injury to the opposite party; and the party introducing such evidence, after a ruling in his favor against a proper objection thereto, cannot urge that the error was harmless.

APPEAL from a judgment of the Superior Court of Nevada County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*John Caldwell,* for Appellants.

The names of the witnesses whose depositions are to be taken and read in evidence must be specified in the notice or commission, as the case may be, and if depositions of witnesses are taken not specified in the notice or commission they should be suppressed. (*Strayer* v. *Wilson,* 54 Iowa, 565; *Glenn* v. *Gleason,* 61 Iowa, 28; *Field* v. *Tenney,* 47 N. H. 513; *International R. R. Co.* v. *Kindred,* 57 Tex. 491; *Patterson* v. *Wabash R. R. Co.,* 54 Mich. 91; *Scholes* v. *Ackerland,* 13 Ill. 650; *Monteith* v. *Caldwell,* 7 Humph. 13; *Brooks* v. *McKeon,* Cooke, 162; *Breyfogle* v. *Beckley,* 16 Serg. & R. 264.) The evidence as to identity could not cure the objection to the deposition, it not being shown that any notice of the identity was given to the opposite party before the deposition was taken, and that he had opportunity to prepare proper cross-interrogatories. (*Tompkins* v. *Williams,* 19 Ga. 569; *Waldron* v. *St. Paul,* 33 Minn. 87; *Powers* v. *Shepard,* 21 N. H. 60; 53 Am. Dec. 168.) If the court had no jurisdiction of the proceeding, the decree declaring the respondents sole heirs is of no validity.

*P. F. Simonds,* and *James A. Stidger,* for Respondents.

This cannot be treated as a contest to determine heirship under section 1664 of the Code of Civil Procedure,

but only as a contest to determine heirship under the general provisions of the probate law. If the contest is under section 1664, the appeal from the judgment should be dismissed, not having been taken within sixty days from the entry of the judgment. (*Estate of Grider*, 81 Cal. 571.) It being shown that James M. Thompson was the identical person designated as John Thompson in the commission, the objection to the deposition was properly overruled. (*Doane* v. *Glenn*, 21 Wall. 33.) The error, if any, was immaterial, and is no ground for reversal. (*Marshall* v. *Hancock*, 80 Cal. 82.)

HARRISON, J. — William Westerfield died intestate in Nevada County, October 16, 1888, and on the 29th of that month letters of administration upon his estate were issued out of the superior court of that county to the public administrator. February 27, 1889, the plaintiffs herein filed in said superior court their petition in the matter of said estate for a determination by the court of the interests of all parties in the estate, and to whom distribution thereof should be made, and that upon final hearing thereof they be declared to be the sole heirs of said estate, and that the estate be distributed to them. Thereupon, upon the same day, the court made an order that notice be given requiring all persons claiming to be interested in said estate to appear before said court on the twentieth day of May, 1889, and exhibit their respective claims of heirship or other interest in said estate, and directing that said notice be personally served " on all persons herein named, and all other persons known as claiming any interest in said estate, at least thirty days before the time fixed for said appearance "; and further directing that " service of said notice be made on all said persons claiming interest in said estate, by publication thereof in the Daily Transcript, a newspaper published in said Nevada County, and that said publication be made ' at least once a week

for seventy consecutive days before the time herein named for such appearance.'"

At the time of filing said petition and making said order no person had appeared claiming any interest in the said estate other than the petitioners, nor were any other persons named in said petition or order. Notice as required by said order was on the same day issued by the clerk of the court, and on the twenty-seventh day of May, 1889, the court made its order and decree, stating that "due and legal notice to all persons claiming an interest in said estate as heirs at law of said deceased or otherwise has been given, and that the same is established of record, and that this decree be entered in the minutes of this court."

At various dates prior to July 22, 1889, the plaintiffs and the defendants herein filed their appearance and respective claims of heirship, and on that day the court made an order adjudging "that the default of all such persons that have not appeared herein, as aforesaid, be and the same is hereby entered according to law." On the thirtieth day of July, 1889, the plaintiffs herein filed their complaint in the matter of said estate, setting forth their claims of heirship thereto, and making as defendants the persons who had previously appeared under said notice and filed their claims of heirship to said estate. The defendants thereafter filed answers to said complaint, setting forth therein the facts constituting their claim of heirship, and praying that they be declared to be the heirs at law of the deceased and entitled to the distribution of his estate. The matter was thereafter tried by the court without a jury, and judgment rendered that the plaintiffs " are not and were not relatives of said William Westerfield, deceased, and are not entitled to be decreed his heirs at law "; and also that the respondents herein " are the lawful heirs at law of said William Westerfield, deceased, and as such entitled to inherit his estate." This judgment was

entered January 3, 1890, and the plaintiffs, having made a motion for a new trial upon a statement of the case, and the same having been denied, have appealed from both the judgment and the order denying the new trial.

Section 1664 of the Code of Civil Procedure provides that " any person claiming to be heir to the deceased, or entitled to distribution in whole or in any part of such estate, may, at any time after the expiration of one year from the issuing of letters testamentary or of administration upon such estate, file a petition in the matter of such estate, praying the court to ascertain and declare the rights of all persons to said estate and all interests therein, and to whom distribution thereof should be made." The section further provides that "upon the filing of such petition, the court shall make an order directing service of notice to all persons interested in said estate to appear and show cause, on a day to be therein named"; and after prescribing the character of the notice to be given, declares " which notice shall be served in the same manner as a summons in a civil action, upon proof of which service, by affidavit or otherwise, to the satisfaction of the court, the court shall thereupon acquire jurisdiction to ascertain and determine the heirship, ownership, and interest of all parties in and to the property of said deceased."

Proceedings for the administration of the estates of deceased persons, and for their distribution to those who may be entitled thereto, including the determination of the heirs of the decedent, are purely statutory. The superior court, while sitting as a court of probate, has only such powers as are given it by the statute, and such incidental powers as pertain to all courts for the purpose of enabling them to exercise the jurisdiction which is conferred upon them. Although it is a court of general jurisdiction, yet in the exercise of these powers its jurisdiction is limited and special,

and whenever its acts are shown to have been in excess of the power conferred upon it, or without the limits of this special jurisdiction, such acts are nugatory, and have no binding effect, even upon those who have invoked its authority or submitted to its decision.

The authority conferred upon the superior court by the above section to determine the heirship of claimants to an estate is a "special proceeding," within the meaning of that term as defined in the Code of Civil Procedure. Section 22 of the Code of Civil Procedure declares that " an action is an ordinary proceeding in a court of justice by which one party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense"; and section 23 of the same code declares that " every other remedy is a special proceeding."

Jurisdiction of special proceedings is conferred by the constitution upon the superior court; but inasmuch as special proceedings are only such as are created and authorized by statute, the court, in the exercise of this jurisdiction, is limited by the terms and conditions under which the proceedings were authorized.

It is stated in the briefs of both appellants and respondents that this may be regarded as a contest to determine heirship under the general provisions of the probate law, preparatory to the final distribution of said estate. We have not been referred, however, to any section of the code which authorizes such proceeding other than section 1664, and, as we have above shown, unless authorized by statute, the superior court has no power by virtue of its general jurisdiction in cases at law and in equity to entertain a proceeding of this character. Section 1634 of the Code of Civil Procedure provides that distribution of an estate may be made on the settlement of the final account, provided a petition therefor has been filed with said account; and section 1665 of the Code of Civil Procedure provides that at any time sub-

sequent to the final settlement of the account distribution may be made. Whenever distribution is sought under either of these sections, the court has power to inquire into and determine who are the heirs of the deceased and entitled to receive the estate; but the terms of each of these sections show that this power can be exercised only after the final accounts of the administrator have been settled.

In view of the principles above stated, and of the statute under which the proceedings herein were had, it results that the superior court had no jurisdiction to entertain the petition of the plaintiffs, or to determine who were the legal heirs of the deceased.

The petition of the plaintiffs, under which the court proceeded to act and to render judgment, was filed in the superior court within less than four months after the issuance of letters of administration upon the estate of the deceased, and the complaint and answers upon which the issues were tried were all filed before the expiration of the year. The court, however, had no jurisdiction to entertain any petition for this purpose, or to make any order that would be binding upon the heirs of the deceased, or upon those who may claim to be such heirs, until " *after* the expiration of one year from the issuing of letters of administration upon said estate."

It does not appear from the record that the respondents made any objection in the court below to its want of jurisdiction, but they now ask that the appeal be dismissed upon the ground that the proceeding was instituted before the expiration of a year after the issuance of the letters of administration upon the estate of the deceased.

This court will not, however, dismiss an appeal from a judgment of the superior court upon the ground that that court had no jurisdiction to entertain the proceeding when it has assumed such jurisdiction and rendered an affirmative judgment therein. Our appellate juris-

diction over the judgments of the superior court includes those in which that court improperly assumed jurisdiction, as well as those in which it was properly entertained. It is revisory of the action of that court, and is to be exercised by affirming, correcting, modifying, or setting aside its judgments; whereas, if the appeal therefrom is dismissed, the judgment would remain as originally pronounced.

Section 1664 of the Code of Civil Procedure provides, however, that "all appeals herein must be taken within sixty days from the date of the entry of the judgment or the order complained of." The judgment herein was entered January 3, 1890, and the appeal therefrom was not taken until June 2, 1890. It follows, therefore, that by reason of the failure to take the appeal from the judgment until more than sixty days after its entry, we have no jurisdiction of that appeal, and it must be dismissed.

The appeal from the order denying the plaintiffs' motion for a new trial was, however, taken within sixty days after its entry, and can therefore be reviewed by us.

A commission was issued out of the superior court to Orris C. Cobb to take the depositions of several witnesses named therein, one of whom was "Jno. Thompson," of Cincinnati, state of Ohio. At the trial of the cause the respondents offered to read in evidence the deposition of James M. Thompson, taken under said commission, to which the appellants objected, on the ground that the commission to Cobb did not authorize him to take the deposition of James M. Thompson, but to take that of one Jno. Thompson. Upon this objection being made, J. C. McBurney testified on behalf of the respondents that he represented them in the matter of taking said deposition, and was personally acquainted with said James M. Thompson at the time of the issuance of the commission to take his deposition, and that "the name intended to be inserted in said commission

was James M. Thompson, and the person designated as John Thompson in said commission was identical." It was not shown, however, that this fact was known by or ever communicated to the appellants, and the difference in the names would presumptively indicate different persons. The court overruled their objections, and allowed the deposition to be read.

This ruling was erroneous. The commissioner had no authority to take the testimony of any person other than those named in the commission; and the testimony of any person not so named was not properly taken by him, and should not have been received in evidence. The real name of the person whom the defendants intended to examine under the commission should have been given to the plaintiffs and inserted in the commission, in order that the plaintiffs might intelligently prepare their cross-interrogatories. This not having been done, the taking of the testimony of James M. Thompson was, so far as they were concerned, purely *ex parte*, and should have no effect against them in determining the issues in the case. (*Brown* v. *Southworth*, 9 Paige, 351; *Scholes* v. *Ackerland*, 13 Ill. 650; *Strayer* v. *Wilson*, 54 Iowa, 565; *Denny* v. *Horton*, 11 Daly, 361; *Patterson* v. *Railway Company*, 54 Mich. 91.) In *Brown* v. *Southworth*, 9 Paige, 351, a commission had been issued to take the testimony of James Hurd, whereas the true name of the witness who was intended to be examined, and who was in fact examined, was Imus Hurd. The court, upon the objection of the defendant, excluded the deposition upon the ground that, " owing to the mistake in his christian name, he was not one of the witnesses that the commissioners were authorized to examine, and would not, therefore, by the laws of any country, be guilty of perjury if his deposition was false." In *Scholes* v. *Ackerland*, 13 Ill. 650, a commission had been issued to take the testimony of Seymour Rank of Cincinnati. The deposition of Seigmund Rank, and signed

Seigmund Rank, was taken, and returned with the commission. The supreme court held that it was error in the trial court to admit the deposition in evidence, saying: " The *dedimus* directed the commissioner to take the testimony of one person, and under it the deposition of another person was taken. The special authority was not pursued. The names were essentially variant, and clearly indicated different individuals."

We cannot agree with the respondents that, inasmuch as other witnesses testified to the same fact, this was an immaterial error. One of the issues presented for trial in the case, and which was sharply contested on both sides, was, whether the name of the plaintiffs' father was " Westfield " or " Westerfield." The respondents alleged in their answer that the true name of the plaintiffs' father was Charles Westfield, and the court found that the plaintiffs are the " issue of Charles Westfield and Mary Westfield, his wife." It was for the purpose of establishing this fact that the defendants issued the commission to take the testimony of the witnesses at Cincinnati. This is not a case where an incidental and collateral fact which may not be seriously contested has been shown by incompetent evidence, but the testimony of the witness bore directly upon the main point in issue. In such a case, all the evidence upon that point becomes material, and the introduction of any incompetent testimony is presumed to cause an injury to the opposite party. We cannot determine the weight which the court below gave to the testimony of this witness in reaching its conclusion upon this controverted point.

If the respondents believed that this testimony of the witness was unnecessary for the purpose of establishing their case, they should have declined to introduce it after the objection had been made thereto. They cannot now, after insisting upon a ruling in their favor and introducing the testimony, say that the error was harmless.

Other errors appear, from the statement of the case, to have been assigned by the appellants, but inasmuch as the error in receiving in evidence the above deposition necessitates the reversal of the order denying the new trial, and in view of what we have said upon the jurisdiction of the superior court to entertain the proceeding, it is unnecessary to pass upon the correctness of the other rulings of the court which were excepted to by the plaintiffs.

The appeal from the judgment is dismissed. The order of the court below denying a new trial is reversed, and that court is directed to enter an order dismissing the petition of the plaintiffs, and all proceedings subsequently taken thereunder.

DE HAVEN, J., McFARLAND, J., PATERSON, J., SHARPSTEIN, J., and GAROUTTE, J., concurred.