MEREL GARR, MILA GARR, JOHNNIE D. GARR
and DELORIOUS GARR, Minors, by ELIZABETH
ANN GARR, their Guardian *ad litem*, Appellants, v.
ELIZA J. DAVIDSON and OTHERS, Respondents.

### No. 1410.    (71 Pac. 481.)

Descent and Distribution: Estates: Heirship: Jurisdiction:
Actions.

Where letters of administration of the estate of a decedent have
been issued, and the estate is in process of settlement in pro-
bate proceedings, the court in such proceedings has exclusive
original jurisdiction, under Revised Statutes, sections 3773-
4050, to determine all questions of heirship and descent; and
the action authorized by section 3980, to determine such ques-
tions in case letters of administration have not been issued
and a year has elapsed since the decedent's death, cannot be
maintained.

(Decided February 6, 1903.)

Appeal from the First District Court, Cache County.—
*Hon. Charles H. Hart,* Judge.

Action to determine the right of succession to the estate
of John T. Garr, deceased. From a judgment in favor of
the defendants, the plaintiffs appealed.

AFFIRMED.

*George Q. Rich, Esq.,* for appellants.

*Frank K. Nebeker, Esq.,* for respondents.

MORSE, District Judge.—This action was brought in
the district court of Cache county for the purpose of obtain-
ing a decree determining the right of succession to the es-

tate of John T. Garr, deceased. It is alleged in plaintiffs' complaint that John T. Garr died intestate in Cache county, Utah, on October 30, 1900, leaving an estate in said county consisting of real and personal property of the value of $10,000; that thereafter, on the twenty-ninth day of December, 1900, A. E. Cranney was duly appointed by the district court of said county administrator of said estate, and that said Cranney duly qualified and entered upon his duties as such administrator, and ever since has been and now is the duly appointed, qualified, and acting administrator of such estate; that the said John T. Garr, deceased, left no widow or children surviving him, but that he left surviving him the plaintiffs Mila Garr, Merel Garr, Johnnie D. Garr, and Delorious Garr, who are his grandchildren, and as such are his only lineal descendants, and his sole and only heirs at law; that each of the defendants claims to be an heir at law of said decedent, and claims an interest in and to his estate adverse to the interests of the plaintiffs; and that such claims are without any right whatever; and they pray for a decree requiring the defendants to set forth the nature of their respective claims to said estate, and that the same be adjudged without right or merit, and that the plaintiffs be decreed to be the sole and only heirs at law of said John T. Garr, deceased, and entitled to the entire estate of said decedent. To this complaint the defendant demurred. The demurrer was sustained, and the plaintiffs electing to stand upon their complaint, the action was thereupon dismissed, and the plaintiffs appeal to this court, assigning as error the action of the lower court in sustaining the demurrer and dismissing the action.

The Probate Code, being sections 3773 to 4050, inclusive, of the Revised Statutes, provides a comprehensive and specific method of procedure in the matter of the administration and distribution of estates, and the determination of heirship and right of succession. Proceedings for the administration of the estates of deceased persons, and

for the distribution thereof to those who may be entitled thereto, including the determination of the heirs of the decedent, are purely statutory. Smith v. Westerfield (Cal.), 26 Pac. 206. Section 3980, Revised Statutes, provides that "when a person dies intestate leaving real property within this State, and letters of administration have not been applied for, any heir or other person deriving title from or through an heir or heirs of such decedent, may, at any time after the expiration of one year from the decedent's death, present to any court that would have jurisdiction to appoint an administrator a verified petition setting forth the name and residence of the decedent, the date of his death, the fact that he died intestate, the names and addresses of the heirs, and a particular description of the real property of the decedent, and praying for a decree determining the right of succession to the same." This is the only provision of our statutes which would authorize such a proceeding as was attempted in this case; but this proceeding, which is in the nature of a special proceeding for the determination of heirship and right of succession, can not be commenced until the expiration of one year after the death of the decedent, and then only in the event that letters of administration have not been applied for. From the averments of the complaint in this case it appears that the estate of John T. Garr is in course of administration; that within less than one year from the death of said Garr an administrator of his estate was duly and regularly appointed, who is acting as such pursuant to the provisions of the Probate Code; and it follows that the district court acquired exclusive jurisdiction in the probate proceedings to hear and determine all the questions presented by the complaint.

The action of the district court in sustaining the demurrer and dismissing the action was therefore correct, and the judgment of said court is affirmed, with costs.

BASKIN, C. J., and BARTCH, J., concur.