CHILD et al. v. DISTRICT COURT OF SECOND JUDI-
CIAL DIST. et al.

No. 5270.   Decided October 21, 1932.   (14 P. [2d] 1110.)

*De Vine, Howell & Stine,* of Ogden, for plaintiffs.

*I. A. Huggins* and *Geo. H. Lowe,* both of Ogden, for defendants.

WORTHEN, District Judge.

Plaintiffs filed their application in this court praying for an alternative writ of prohibition against the Honorable E. E. Pratt, one of the judges of the district court of Weber county.   An alternative writ duly issued.   In the application for the writ plaintiffs allege the following facts:

(1) That William H. Child died intestate on October 26, 1930, at Ogden City, Weber county, state of Utah, in which county he left an estate.

(2) That thereafter, to wit, on December 22, 1930, upon notice given by mailing and posting to all of the heirs at law of said deceased and by publication in the Ogden Standard Examiner, a daily newspaper published in Ogden City, Weber county, state of Utah, pursuant to the order of the court, the plaintiffs, Marinda E. Child and Hubert Child, were duly and regularly appointed by said district court of Weber county as administrators of the estate of said William H. Child, deceased; that they thereafter duly qualified as such, and ever since have been and are now the duly appointed, qualified, and acting administrators of said estate, and engaged in the administration of said estate.

(3) That thereafter, to wit, on the 18th day of September, 1931, one claiming to be Mark Gean Child, sometimes known as Mark Gean Jensen, purporting to act through his guardian ad litem, Lucius Hansen, filed a petition in said estate of said William H. Child, deceased, denominated a petition to determine heirship, in which petition it was alleged that the said Mark Gean Child is the son of William H. Child, deceased, born at Ogden, Utah, on the 4th day of August, 1927, out of lawful wedlock, and that the mother of said child is Chrystal Jensen; that at all times during the lifetime of said William H. Child and after the birth of said minor child, said William H. Child freely admitted and acknowledged that he was the father of said child, and that he desired said child to inherit its distributive share of his estate at the death of said William H. Child; that said deceased provided for the said minor child during the lifetime of the deceased, as he did the other members of the family, providing medical care and attention for him, and providing food and entertainment for said child; and prayed that upon the hearing of said petition that the court adjudge and decree that said Mark Gean Jensen was and is an heir at law of said deceased, and that said deceased acknowledged said Mark Gean Jensen as his son, and that as said son and heir at law he is entitled to inherit his proportionate

share of the estate of said deceased, and prayed also for general relief.

(4) That thereafter, to wit, on October 5, 1931, the said plaintiffs herein, as administrators of said estate of said William H. Child, deceased, filed their answer to said petition and denied all of the allegations thereof, except that they admitted upon information and belief that the mother of said child is Chrystal Jensen, and did not deny the appointment of said guardian ad litem.

(5) That the matter came on for hearing before the court on the 22d day of December, 1931, and thereupon the plaintiffs herein, defendants in said matter, objected to the introduction of any evidence in support of said petition upon the grounds and for the reasons, first, that said Lucius Hansen, as guardian ad litem of said minor, had no authority or standing in court to make or file or have heard said petition; second, that said petition did not state facts sufficient to entitle the petitioner to the relief prayed for, or to any relief; and, third, that the court was without jurisdiction, power, or authority to hear said petition.

(6) That said estate of said William H. Child, deceased, is not at this time ready to be closed, nor has the time arrived therein for distribution of the same, either upon the petition of the administrators of said estate, or of any of the heirs interested in said estate.

(7) That notwithstanding the said court and judge thereof are without authority of law to proceed with the hearing of said petition, nevertheless said court and the judge thereof threaten to and will, unless restrained by the order of this court, proceed with the hearing thereof.

Plaintiffs also allege that they have no plain, speedy, or adequate remedy at law.

Defendant filed a demurrer to the application, alleging as grounds therefor that the application does not state facts sufficient to constitute a cause of action against the defendant. The matter is before us upon the demurrer. The

only point urged in the briefs and upon the argument of the case is the absence of jurisdiction on the part of the court to proceed to hear the petition to determine heirship. The petition does not allege what proceedings have been had or what matters are pending in the case before the probate court of Weber county, except that the administrators of said estate are engaged in the administration thereof. We are not advised as to the assets of the estate, nor whether there is pending any petition to mortgage or sell the property or for family allowance, or any matter the determination of which may affect the assets of said estate. The question presented is: May the district court, in a probate proceeding then pending, hear a petition to determine heirship prior to the time the estate is ready to be closed or prior to the time for distribution of the same?

If, as contended by plaintiff, the district court had no jurisdiction to entertain the petition and determine heirship under the facts alleged, then the writ must be made permanent. On the other hand, if the court has jurisdiction to proceed, as contended by the defendants, the writ heretofore issued must be recalled. The precise question here presented has never been determined by this court. Both counsel for plaintiffs and counsel for the defendant rely upon the case of *Garr et al.* v. *Davidson et al.*, 25 Utah, 335, 71 P. 481. In that case the court used the following language:

"The Probate Code, being sections 3773 to 4050, inclusive, of the Revised Statutes, provides a comprehensive and specific method of procedure in the matter of the administration and distribution of estates, and the determination of heirship and right of succession."

The court then refers to section 7795, Comp. Laws of Utah, 1917, and observes:

"This is the only provision of our statutes which would authorize such a proceeding as was attempted in this case; but this proceeding, which is in the nature of a special proceeding for the determination of heirship and right of succession, cannot be commended until the expiration of one year after the death of the decedent, and then only

in the event that letters of administration have not been applied for. From the averments of the complaint in this case it appears that the estate of John T. Garr is in course of administration; that within less than one year from the death of said Garr an administrator of his estate was duly and regularly appointed, who is acting as such pursuant to the provisions of the Probate Code; and it follows that the district court acquired exclusive jurisdiction in the probate proceedings to hear and determine all the questions presented by the complaint."

It follows that the only forum in which the matter of heirship may be determined is the probate court. Counsel for plaintiffs do not contend that the probate court has no authority to determine the question of heirship in the probate proceeding, but do insist that determination may be made only when the question. becomes necessary in the orderly administration of the estate. Counsel contend that there is no general authority in the probate court administering an estate to determine heirship, but admit that at certain stages in the administration there is necessarily implied authority to make such a determination. Counsel state their position in their brief as follows:

"Our position is, then, that after the appointment of an administrator there is no occasion for the determination of heirship until the time for distribution arises, unless there is some action to be taken in the determination of the estate which may adversely affect an heir's interest."

It may be observed in passing that the complaint nowhere alleges that no action is pending or to be taken in the administration of the estate which may adversely affect the heir's interest. But, considered from this angle, it becomes immediately apparent that the heir may be ■ denied from the beginning substantial rights. His right to notice of all proceedings is important; sales of property, mortgages, and family allowance, all affect his rights, and if he is in fact an heir, he should be afforded an opportunity to be heard in respect thereto. Until his heirship is established, his right to petition for distribution

does not exist, and he may be required to stand by until the recognized heirs may desire distribution, in order to establish his claim. The proof available to establish his heirship when he files his petition may be unavailable when the time for distribution arrives.

Counsel for plaintiffs cite and rely upon certain California cases. The statutes of California (Code Civil Proc. § 1664) provide:

"In all estates now being administered, or that may hereafter be administered, any person claiming to be heir to the deceased, or entitled to distribution in whole or in any part of such estate, may at any time after the expiration of one year from the issuing of letters testamentary or of administration upon such estate, file a petition in the matter of such estate, praying the court to ascertain and declare the rights of all persons to said estate and all interests therein, and to whom distribution thereof should be made. * * * Nothing in this section contained shall be construed to exclude the right upon final distribution of any estate to contest the question of heirship, title, or interest in the estate so distributed, where the same shall not have been determined under the provisions of this section; but where such questions shall have been litigated, under the provisions of this section, the determination thereof as herein provided shall be conclusive in the distribution of said estate."

Many of the provisions of our Probate Code were taken from the Codes of California. But our statutes do not contain a provision similiar to section 1664 of the Colifornia Code of Civil Procedure. Whether that statute in California was enacted to give jurisdiction to the courts of that state to determine heirship, or for the purpose of limiting the exercise of that power until one year had elapsed after the appointment of the executor or administrator, is not of concern to us.

If the district court has jurisdiction to probate the estate, it should and must have the right to fully protect the interests of all the heirs. The case of *Garr* v. *Davidson,* supra, settles, and these plaintiffs admit that the proper tribunal to settle heirship in such a case as this is the probate court. Since the court has jurisdiction,

it may determine heirship at any time unless the statute in some manner limits the full exericse of that jurisdiction.

No provision of our statute has been cited, nor have we found any specifically providing for the determination of heirship during the probating of an estate. The jurisdiction to determine heirship is inherent in the probate court to protect the interest of all the heirs. Where the court is given general jurisdiction and no limitation is placed on its exercise, it must be that it is given such power as to properly discharge its general duty. The probate court is required to distribute the estate; it must require accounts; it must determine questions of sale and mortgage of property, and pass on the right to family allowance. If at any stage of the proceeding the court, in order to properly discharge its general duty as a court of probate, should determine the question of heirship, in the absence of a statutory limitation on its right to do so, this court will not prohibit its free determination of that question.

It is conceivable that where a petition is presented to a court such as the petition in this case, that the hearing may entail a prolonged trial. The work of the court may be such as to prevent an immediate hearing, and we should hesitate to, and do not hereby announce the doctrine that such hearing must be had immediately. It must be presumed that the trial judge will, if a proper case is presented, hear the same timely, but that is not the case here presented. Here the court before which the probate proceeding is pending has been presented with a petition to determine heirship. The judge to whom the petition was presented evidences a willingness to hear and detremine the same. We are of the opinion, and so hold, that heirship may be determined on a proper application before the time for final distribution, and that a probate court, in the exercise of proper discretion, has jurisdiction to determine and may determine the question of heirship at any time during the probate proceeding. The demurrer to the complaint is well taken.

The alternative writ heretofore issued is recalled, and the permanent writ is denied at petitioner's costs.

STRAUP, ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.

CHERRY, C. J., did not participate herein.