[No. 8,012.—Department One.]
August 25, 1882.

RICHARD HOSKINS v. WILLIAM SWAIN ET AL.

OSTENSIBLE AUTHORITY OF AGENT—PAYMENT TO AGENT—PRINCIPAL AND AGENT—DEFENSE TO ACTION.—The plaintiff, whilst absent from the State, left the foreman of a foundry owned by him to continue to act as he had been doing as general superintendent and manager of the foundry. As such the foreman had been, by and with the sanction of the plaintiff, accustomed to buy materials for the foundry, employ workmen, sell the goods, collect accounts, and receipt for moneys received, and disburse them in the payment of bills against the foundry. During plaintiff's absence the foreman contracted to cast a lot of jackscrews for defendants. Before they had been cast and delivered, the foreman borrowed from one C. a sum of money for the use of the foundry, and after the delivery of the screws assigned the accounts against the defendant therefor as security to C., who collected the same from defendants.

*Held:* The plea of payment was sustained by the evidence.

APPEAL by plaintiff from the judgment in the Superior Court of the County of Yuba. KEYSER, J.

Action of account. The facts are stated in the opinion of the Court.

*Fuller & Howser*, for Appellant.

In *Kirk* v. *Hiatt*, 2 Ind. 322, held: "An agent who has only authority to collect and receive payment, can not bind his principal by any arrangement short of actual collection of the money." The same principle is laid down in *Taylor* v. *Robinson*, 14 Cal. 396; *Powell* v. *Henry*, 27 Ala. 612; *Mathews* v. *Hamilton*, 23 Ill. 470; *Corning* v. *Strong*, 1 Ind. 329; *Earnhart* v. *Robertson*, 10 id. 8; *Graydon* v. *Patterson*, 13 Iowa, 256; *McCulloch* v. *McKee*, 16 Pa. St. 289; *Robson* v. *Watts*, 11 Tex. 764. The counsel also cited *Hays* v. *Lynn*, 7 Watts (Pa.) 524; *Harrington* v. *Moore*, 21 Tex. 546; *Woodbury* v. *Larned*, 5 Minn. 339; *Whitney* v. *State Bank*, 7 Wis. 620; *Avery* v. *Lauve*, 1 La. Ann. 457; *Nugent* v. *Hicks*, 2 id. 358; *Duconge* v. *Forgay*, 15 id. 37; *Smith* v. *Gibson*, 6 Blackf. (Ind.) 369; *Terry* v. *Fargo*, 10 Johns. (N. Y.) 114; *Zachrisson* v. *Ahman*, 2 Sandf. (N. Y.) 68; *Hampton* v. *Matthews*, 14 Pa. St. 105; *Patterson* v. *Moore*, 34 id. 69; *Portland* v. *Lewis*, 2 Serg. & R. (Pa.) 197; *Harrington* v. *Moore*, 21 Tex. 546; *Reese* v. *Medlock*, 27 id. 120; *Stainback* v. *Read*, 11 Gratt. (Va.) 281; *Nash* v. *Drew*, 5 Cush. (Mass.) 422; *Hall* v. *Storrs*, 7 Wis. 253.

An agent, without express authority, has no power to employ a subagent to do the business, without the knowledge or consent of his principal. Says Chancellor Kent, 2 Kent's Com. 633 : "The agency is generally a personal trust and confidence, which can not be delegated." *Vide* also 6 Bac. Abr. 561. (*Ingram* v. *Ingram*, 2 Atk. 88; *Solly* v. *Rathbone*, 2 Mau. & Sel. 298; *Commercial Bank of Erie* v. *Martin*, 1 Hill (N. Y.), 50; *Commercial Bank of Lake Erie* v. *Norton*, id. 501.)

One dealing with an agent, is bound to know, at his peril, the extent of the agent's power. (2 Kent's Com. 626; *Daughbigny* v. *Duval*, 5 T. R. 604; *DeBouchout* v. *Goldsmid*, 5 Ves. 211; *Whitney* v. *State Bank, supra; McCombie* v. *Davies*, 7 East. 11; *Martini* v. *Coles*, 1 Mau. & Sel. 140; *Kinder* v. *Shaw*, 2 Mass. 398; *Van Amringe* v. *Peabody*, 1 Mason, 440; *Bowie* v. *Napier*, 1 McCord, 1; S. C., 10 Am. Dec. 641; *Greenwood* v. *Spring*, 54 Barb. 375; *Hammond* v. *State Bank*, 1 Walk. (Mich.) 214.)

*I. S. Belcher* and *E. A. Belcher*, for Respondents.

The Court did not err in finding that the defendants had paid their indebtedness to the plaintiff in full. The account was paid to Cockrill, but the money had been borrowed from him and used in the plaintiff's business. Williamson, the foreman, was fully authorized to make the assignment to Cockrill. This sufficiently appears from the plaintiff's own testimony.

But if Williamson did in fact exceed his authority in making the assignment to Cockrill, still the plaintiff is bound by his act, for the defendants believed and had a right to believe, from the nature of the business of the foundry, and the manner in which it was conducted, that he was acting within his authority, and not in excess of it. (*Walsh* v. *Hartford Fire Ins. Co.,* 73 N. Y. 10.)

McKee J.:

This was an action of account to recover the price of fifty jackscrews sold and delivered to defendants. The plea was payment. On the trial it was proved, that, at the time of the transactions involved in the case, the plaintiff, who was owner of the foundry from which the screws were obtained, was absent from the State. Before leaving he had given his brother full power of attorney to act for him in his absence, and left his foreman of the foundry to continue to act, as he had been doing, as the general superintendent and manager of the foundry. In that capacity the foreman had been accustomed, in the management of the business, to buy material for the foundry, employ workmen, sell the goods, collect accounts and receipt for moneys received and disburse them in the payment of bills, etc., against the foundry, and this course of dealing had been sanctioned by the plaintiff.

During the absence of the plaintiff the foreman contracted to cast the jackscrews for the defendants. Before the screws had been cast and delivered, the foreman had borrowed a sum of money for the use of the foundry from one Cockrill, to whom, after the screws had been delivered to the defendants, he assigned the account for the screws as security for the money; and the defendants, when the account was presented

to them for payment by the assignee, paid it in full, taking his receipt. This was payment, if the foreman had authority to assign the account as security, or otherwise, for money borrowed for the use of the foundry.

And we think that, ostensibly, as regards the public, the foreman had such authority. For, in authorizing him to act as general superintendent and manager of the foundry, the plaintiff had intrusted him with the conduct of the business therein, and empowered him to do everything necessary or proper and usual in the ordinary course of the business, for effecting the purpose of his agency. (C. C., § 2319.) The sale and delivery of metals cast at the foundry, and the receipt of the purchase-money for them, by the foreman, were acts which would fall within the ostensible authority conferred upon the foreman. Payment to him of a debt due to the foundry would, therefore, be binding upon the plaintiff; and if the foreman by assignment, authorized another to collect the debt for him, and the debtors paid it, believing, in good faith, that the person was authorized to receive payment, the payment is binding upon the plaintiff, though, in fact, the authority did not extend to the doing of what was done.

Judgment and order affirmed.

Myrick and McKinstry, JJ., concurred.