[No. 12014.    In Bank. — January 26, 1888.]

## N. GOLDTREE ET AL., APPELLANTS, *v.* JOHN M. SWINFORD ET AL., RESPONDENTS.

PARTNERSHIP — CERTIFICATE OF MAY BE EXECUTED BY ATTORNEY IN FACT. — An attorney in fact, having a general power to commence and prosecute suits and to execute and acknowledge all instruments, and to do any other matter or thing appertaining or belonging to the principal, has authority to sign and acknowledge in the name of his principal the certificate of copartnership required to be filed by sections 2466–2468 of the Civil Code, before the partners can maintain any action on a partnership demand. And this is so, although the power of attorney was given prior to the enactment of such sections.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*J. M. Wilcoxon,* for Appellants.

*T. H. Laine,* and *V. A. Gregg,* for Respondents.

SHARPSTEIN, J.— In their complaint, the plaintiffs, N. Goldtree, I. Goldtree, and M. Goldtree, allege that they are partners doing business under the firm name of Goldtree & Co., and as such partners, prior to the commencement of this action, filed with the clerk of the county in which the principal place of business of said partnership is now and has at all times been situated, a certificate, stating the names of the members of said partnership in full, and each of their places of residence, signed by all the plaintiffs, and acknowledged by them before an officer authorized to take acknowledgments of conveyances of real property, and by such officer certified as required to be certified to acknowledgments of conveyances of real property, and thereafter, and before the commencement of this action, published the same once a week for four successive weeks in a newspaper published in said county. This is followed by allegations sufficient to constitute a cause of action, in favor of the plaintiffs, against the defendants.

Answering the complaint, the defendants aver they have no information or belief upon the subject as to whether plaintiffs have made, filed, or caused to be published, at any time, the certificate mentioned and referred to in their complaint; and on that ground they deny that plaintiffs ever made, acknowledged, or caused to be published, said certificate.

This is the only issue which it is necessary now to consider. The finding of the court upon this issue is in

favor of the defendants. This finding is attacked on the ground that it is not justified by the evidence. The record shows that the plaintiffs introduced in evidence a certificate *personally* signed and acknowledged by all the plaintiffs, except N. Goldtree, who signed and acknowledged the same by Isaac Goldtree, as his attorney in fact. An affidavit of publication of said certificate was also introduced. After which plaintiffs introduced a power of attorney from N. to Isaac Goldtree, and the latter testified that he communicated to the former the fact of his having signed his name to the certificate about March 12, 1881.

Appellants insist that the evidence shows a sufficient compliance with section 2466–2468, Civil Code, to entitle them to maintain this action. Respondents deny it, and insist that plaintiff N. Goldtree, one of the partners, did not sign or acknowledge the certificate according to the requirements of said sections of the code; that the requirement "must be signed by the partners" is not satisfied by a signing by an attorney in fact of one of the partners, under a general power such as this is, executed eight years before the passage of the act requiring certificates to be signed, acknowledged, filed, and published as a condition precedent to the right to maintain an action upon a contract made in the partnership name. This power of attorney is general and quite full, as the following extract shows: "To commence and prosecute unto final judgment and execution any suit or suits, action or actions, real, personal, or mixed, which he may deem proper for the recovery, possession, or enjoyment of any matter or thing which is or may hereafter be due, payable, owing, belonging, accruing, or appertaining to me, for or by reason of the premises, or any part thereof, and in any such suits or actions, for me to appear and plead before any court or tribunals having jurisdiction thereof, and all stipulations undertaken, recognizance, and other requisites in any suits or ac-

tions, and any questions arising on the same, by the arbitration or other compromise, and of all receipts and recoveries in the premises, due acquittances and discharges to execute and deliver, and generally to do and perform all matters and things, transact all business, make, execute, and acknowledge all contracts, orders, deeds, writings, assurances, and instruments which may be requisite or proper to effectuate all or any of the premises, or any other matter or thing appertaining or belonging to me, with the same powers, and to all intents and purposes, with the same validity, as I could if personally present."

"An agent may be authorized to do any acts which his principal might do, except those to which the latter is bound to give his personal attention." (Civ. Code, sec. 2304.)

"Every act which, according to this code, may be done by or to any person may be done by or to the agent of such person for that purpose, unless a contrary intention clearly appears." (Civ. Code, sec. 2305).

In the clause of the power of attorney above quoted, the agent has power to commence and prosecute suits, and to execute and acknowledge all instruments, or power to effectuate all or any of the premises, or any other matter or thing appertaining or belonging to the principal.

The authority with which an agent is invested is not necessarily confined to the performance of those actions alone which are authorized by the bare words in which an authority is conveyed. On the contrary, it is rarely so confined. (Evans on Principal and Agent, 136.)

We think the signing and acknowledgment of the certificate in question were within the authority conferred on the agent by the power of attorney. And we think that the certificate so signed and acknowledged satisfied the requirements of the code. The object of those requirements is doubtless quite as well subserved by

having it signed and acknowledged by an agent as it would be if it were personally signed and acknowledged by the principal. And the provisions of the code and all proceedings under it are to be liberally construed, with a view to effect its objects and to promote justice. (Civ. Code, sec. 4.)

We attach no importance to the fact of this power of attorney having been given long before the provisions of the code requiring certificates to be executed and filed were passed.

Judgment and order reversed, and cause remanded for a new trial.

SEARLS, C. J., McFARLAND, J., TEMPLE, J., THORNTON, J., PATERSON, J., and McKINSTRY, J., concurred.