## P. W. OLSON v. AULTMAN COMPANY.[1]

July 24, 1900.

Nos. 12,187—(241).

**Warranty—Authority of Agent—Notice.**

  Plaintiff signed and delivered to defendant's agents orders for the purchase of a threshing outfit, which contained a warranty and stipulated terms of payment. The orders were rejected by defendant, the terms not being satisfactory. Thereupon plaintiff and the local agents made a verbal contract of warranty, and plaintiff purchased the same outfit upon different terms. *Held*, the fact that the original order as signed by the plaintiff gave notice that local agents had no authority to make sales or contracts, except in prescribed forms, was not of itself sufficient to charge plaintiff with knowledge of the agent's incapacity to contract.

**Question for Jury.**

  It was a question of fact to be determined in the case whether the purchase was under the old orders or under a new contract.

**Evidence Excluded.**

  It was not error to exclude the testimony of the general state agents that they had no knowledge of such new contract.

Action in the district court for Renville county to recover the value of a second-hand threshing rig and the possession of promissory notes, and also to recover money paid. The case was tried before Powers, J., and a jury, which rendered a verdict in favor of plaintiff. From a judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Brown, Reed, Merrill & Buffington*, for appellant.

*McClelland & Tifft*, for respondent.

[1] Reported in 83 N. W. 457.

LEWIS, J.

On August 4, 1899, plaintiff signed an order by which he agreed to purchase from defendant a Phœnix engine and an American thresher separator, for which he agreed to pay $800, in a second-hand threshing rig, and to give his notes amounting to $1,850. At the same time he gave an order upon defendant, agreeing to purchase an American wind stacker, and to give his note for $250. These orders were delivered to Deasy & Miller, local agents of defendant at Bird Island, Minnesota, who forwarded them to the Kenyon-Rosing Machinery Company, general agents of defendant at Minneapolis, who forwarded them to the defendant, at its home office, at Canton, Ohio. The orders were not accepted by defendant, and plaintiff was notified to that effect by Deasy & Miller. The orders contained certain agreements as to warranty.

After being notified by defendant that the orders were not accepted, plaintiff claims to have made a new proposition to Deasy & Miller, to the effect that he would give $300 in cash, and certain notes, for the same rig, if they would warrant it to be of good material, properly constructed, and if it would do good and satisfactory work, and would allow plaintiff a thorough trial; and if any defect, upon said trial, was found in any part of the machine, or the machine as a whole, they should have reasonable time to remedy it, and, if they failed to remedy it, plaintiff should have the right to return the property to the place where he received it, and they should return to plaintiff the money, property, and notes given in payment of the rig. Plaintiff claims that Deasy & Miller accepted this proposition. Defendant denies that any such proposition was made or entered into, and holds that the property was sold and bought under the written warranty contained in the original orders.

The property was shipped and consigned to Deasy & Miller, at Bird Island; and, the engine having been found to be incomplete, no part of it was delivered or tendered to plaintiff. Thereupon plaintiff claims to have made an agreement with Deasy & Miller, based upon the prior verbal warranty, to pay $150 extra and take a Mogul engine, instead of the defective one. The exchange was made, but defendant denies that there was any such warranty. The separator, stacker, etc., as originally ordered, and the Mogul engine, were de-

livered to plaintiff by Deasy & Miller. Plaintiff paid to them the $300 cash, and delivered to them the old machine and his notes, payable to defendant, for the balance. After trying the machine for some time, and claiming to find it defective, in that it would not save the grain properly, plaintiff returned the property to Deasy & Miller, and notified defendant of that fact, and demanded back his notes and property given in payment, which being refused, he brought this action to recover the same or their value. Plaintiff had a verdict. Judgment was entered thereon, and defendant appeals.

The assignments of error present two questions for consideration:

1. Under which warranty was the property purchased,—the written one embraced in the original orders, or the verbal one as testified to by plaintiff? Appellant claims to have been entitled to judgment because it appeared conclusively that the parties were dealing under the written warranty. This position is based upon the fact that the original warranty, which formed a part of the order and was signed by plaintiff, contained this notice in bold, red letters, viz.:

"No agent or other person shall make any different warranty, or vary or modify any of the terms, or waive any of the conditions, of this one; and any attempt to do so shall not bind the company, nor affect this contract. Local agents and salesmen have no general agency powers, and are authorized only to make sales in accordance with special instructions, and upon the forms furnished by said company."

It is claimed that when the plaintiff signed the original order he must have seen this notice, and, if he did not see it, yet he would be charged with notice of its contents; that, with such notice, plaintiff could not deal with Deasy & Miller directly, and, if any verbal warranty was made by them, it was void. If it conclusively appeared that the original orders remained the basis of the contract, and that they were accepted, with the change of terms of payment, with plaintiff's knowledge, then he would be bound by the contents of those instruments. In other words, if the original preliminary offer of purchase by plaintiff, which had been rejected, was revived, with the changes as stated, then that writing controls. On the other

hand, if the original offer came to an end when rejected by defendant, and plaintiff and Deasy & Miller commenced upon a new contract, then the order mentioned would not necessarily charge plaintiff with notice that the agents could make no new contract. That notice had reference to a contract then tendered, and could not of itself charge plaintiff with notice of the incapacity of the agents in respect to some other contract. It was a proper question to submit to the jury. Under which warranty were the parties dealing? The evidence was conflicting, but found to be as claimed by the plaintiff, and we think appellant's motion was properly denied. The case is fairly within Gaar, Scott & Co. v. Patterson, 65 Minn. 449, 68 N. W. 69.

2. Appellant offered to prove that the general agents at Minneapolis had no knowledge of the fact that the machine had been sold under the verbal warranty, and the court rejected the testimony. This is assigned as error. The issue being, was there a new contract made between plaintiff and Deasy & Miller? it became immaterial whether the Minneapolis agents knew about it or not. Negative testimony of this character would have no bearing upon the question of appellant's knowledge of Deasy & Miller's authority to act. Had plaintiff based his right to recover upon the ground that defendant had ratified the contract as made by Deasy & Miller, then the knowledge of the several agents of such contract would become important, but such was not plaintiff's position. He found Deasy & Miller ready to make a verbal contract of warranty with him. He made it, and the outfit was delivered by them; no new orders or writings having been required. The question of Deasy & Miller's authority was for the jury, and the fact that the general agents had no knowledge of the fact could not affect the plaintiff.

Judgment affirmed.