# INTERNATIONAL HARVESTER COMPANY OF AMERICA v. FRANK K. SWENSON.[1]

December 15, 1916.

Nos. 20,079—(214).

**Sale on approval of maker — modification before approval permitted.**

1. A written order given by defendant to plaintiff for certain machinery provided that it was subject to the approval of the latter. Before the order was so approved, it was competent for defendant and an agent of plaintiff to agree orally that defendant should accept and pay for a part only of the machinery ordered. The evidence was sufficient to warrant submitting to the jury the question whether the order was so modified.

**Same — seller's agent authorized to make agreement.**

2. The agent of plaintiff had authority to agree to the modification of the order.

**Writing held not an account stated.**

3. A writing signed by defendant and an adjuster of plaintiff *held* not an account stated, and not conclusive evidence against defendant's claim.

**Admission of evidence.**

4. There was no error in the rulings on the admission of evidence or in the charge.

Action in the district court for Stevens county to recover a balance of $177. The answer set up the facts stated in the opinion. The case was tried before Flaherty, J., who when defendant rested denied plaintiff's motion for a directed verdict, and a jury which returned a verdict in favor of defendant. From an order denying its motion for judgment

[1]Reported in 160 N. W. 255.

Note.—For authorities on the question of illustrations of what have been held to be accounts stated, see note in 27 L.R.A. 813.

Upon the question of character of claim which may be the subject of account stated, see note in 45 L.R.A.(N.S.) 534.

notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*Kaercher & Freerks,* for appellant.

*Cliff & Purcell,* for respondent.

BUNN, J.

Plaintiff is engaged in the manufacture and sale of farm machinery. Defendant was engaged in the hardware and farm machinery business at Ortonville. March 30, 1911, the agent of plaintiff in charge of the territory or "block" which included Ortonville, procured from defendant a written order for four drills to be shipped to him at Ortonville between February 1 and March 1, 1912. This order was made subject to the approval of plaintiff, and was approved in writing February 17, 1912. The drills were shipped to defendant shortly thereafter and received by him. This action is to recover the sum of $177, alleged to be the unpaid balance of the purchase price. The defense was in substance that, before the order was approved or accepted by plaintiff, defendant notified the block man, who then had charge of the territory, that he would be able to use but two of the four drills ordered, and that it was then agreed orally that the four drills should be allowed to come along, but that plaintiff would dispose of two of them, holding defendant for the other two. Defendant paid plaintiff the amount due for the two drills he admits purchasing, but denied liability for the other two. The court received evidence in support of this defense, and the jury found it true. The verdict was for the defendant, and plaintiff appeals from an order denying its motion for judgment *non obstante* or a new trial.

Plaintiff insists that there was no competent evidence against its claim that defendant was liable for the four drills ordered. If the evidence was properly received, no assignment of error challenges its sufficiency to support the verdict. It follows, as to this branch of the case, that we only have to consider the admissibility of the evidence offered and received to show the subsequent agreement, by the terms of which defendant was to take and pay for but two of the four drills ordered. We find no difficulty here. The order of March, 1911, was not a contract until it was approved and accepted by defendant. Until then defendant could countermand it.

There is no question, therefore, of a parol modification of a written contract, because there was no such contract. As defendant could countermand or cancel the order in its entirety, it follows that defendant and plaintiff's representative could legally agree upon the change in the order that the evidence tends to show they did agree upon. There is no question as to the authority of the block man to agree to this modification of the order. It had not been approved by the general agent of defendant, and we see nothing in its language or in the law that denies the authority of the block man to consent to a modification of the order as to the goods specified, instead of taking a cancelation.

The evidence received was clearly admissible, and was sufficient to warrant submitting to the jury the question whether the order was changed as defendant claims. As before stated, there is no assignment of error that challenges the verdict on the ground that there was insufficient evidence to support it, so that it was an abuse of discretion to deny a new trial. We repeat this because it shows the light in which we must view the effect of an item of evidence to be considered later.

In his answer defendant alleged that in December, 1912, a general adjuster and agent of plaintiff called upon him for the purpose of making a settlement of all matters between plaintiff and defendant; that it was orally agreed that the two drills in question would be disposed of elsewhere by plaintiff, and that defendant was not liable therefor; that in reliance upon this agreement defendant paid plaintiff the balance due it as shown by an "Account Stated," between the parties. As to this account stated, the answer alleged that defendant had no knowledge of its contents, except that he was informed and believed that it contained the provisions of the oral agreement in regard to his not being liable for the two drills. Plaintiff replied to these allegations by a general denial.

On the trial defendant testified to the settlement as alleged, and plaintiff offered in rebuttal a paper entitled "Account Stated." This is a large sheet with many columns for the entry of debits and credits for different items. It shows on the debit side charges for the four drills, and smaller items. On the credit side is the payment made by defendant for two drills and another credit. In one corner, under the heading "balance due," the two drills in question are noted, and the total balance due from

defendant is stated at $177. At the bottom of the sheet, and just above the signatures of defendant and the "traveling adjuster" of plaintiff, appears this language: "We the undersigned agree that the sum of $177.00, as shown on this sheet, represents the unaccounted for net proceeds of sales of personal property belonging to the International Harvester Company, of America, and I agree to deliver said sum to said company without discount, offset or counterclaim."

This paper was not an account stated so that it as such legally binds the parties. It was not made the basis of the action, which was for goods sold. Further it does not appear to be binding on plaintiff, as it was made subject to the approval of its general agent, which it never received. But it is undeniable that it constitutes a strong bit of evidence, in the way of an admission, in refutation of defendant's claim that it was agreed that he should not be liable for the two drills. The question is whether this bit of evidence is conclusive against defendant's claim. The jury accepted defendant's explanation, and the trial court approved the verdict. This explanation was in effect that defendant was told by the adjuster and believed that the payment made by him settled his entire account, and that the paper entitled "Account Stated" so showed. The circumstances, including the rather complicated sheet containing the account, the fact that the two drills were still on hand, and that defendant was going out of the business, lead us to conclude that defendant's explanation is not so unreasonable or improbable as to compel us to hold the evidence conclusive against him.

We have not overlooked the points made by counsel that we have not specifically mentioned. They are largely as to rulings on the admission of evidence. We find no error in any of the rulings complained of. The point is made that the paper called "Account Stated" was a contract or contractual receipt, and that parol evidence to vary its terms was admitted. We discover no violation of the rule invoked in the evidence that was admitted to explain defendant's signing the writing. We have before mentioned the argument as to the want of authority of the block man to make the agreement modifying the original order. Much is attempted to be made of this point in the brief of appellant, and authorities are cited to support it. For the reasons we have stated, the point is not sound, and the authorities are not applicable. It is further argued that the adjuster

had no authority in the settlement with defendant to release him from liability for the two drills in dispute. The defense does not depend upon this agreement, but upon the one made before the order was approved. There can be no doubt of the authority of the adjuster to make the settlement that defendant claims was made.

The issues were submitted to the jury in a fair and correct charge. We find no error in the instructions given.

Order affirmed.

On January 26, 1917, the following opinion was filed:

PER CURIAM.

The application for a reargument is denied. We did not overrule Larson v. Minneapolis Threshing Machine Co. 92 Minn. 62, 99 N. W. 623, and did not think it necessary to distinguish it. In that case there was a completed contract and a delivery of the goods under it before the oral agreement with the agent changing its terms was made. In the case at bar there was no contract when the alleged agreement with the agent was made. We held that the question of the authority of the agent was not controlled by the terms of the unaccepted order. Olson v. Aultman Co. 81 Minn. 11, 83 N. W. 457.